**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **DEMETRIUS LATHAM,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) Civil Action No.: 1:20-cv-706 |
|     v. | ) |
| | ) |
| **PUBLIC SAFETY HEALTH SYSTEMS,** | ) |
| **INC., d/b/a PUBLIC SAFETY MEDICAL** | ) |
| | ) |
|     **Defendant.** | ) |

**COMPLAINT – WITH JURY DEMAND**

Plaintiff Demetrius Latham, by counsel, for his Complaint against Defendant Public Safety Health Systems, Inc., states as follows:

**JURISDICTION AND VENUE**

1. This suit is brought under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and 42 U.S.C. § 12117(a).

3. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff Demetrius Latham ("Latham") is a citizen of the United States and the State of Kentucky.

5. Public Safety Health Systems, Inc., is an Indiana for-Profit Corporation that does business from its facilities at 324 East New York Street, Indianapolis, Indiana, and is located within the territorial jurisdiction of this Court.

6. Public Safety Health Systems, Inc., is an agent of the employer the Town of Clarksville Police Department for purposes of the Americans with Disabilities Act, 42 U.S.C. § 12111(5)(A).

7. Alternatively, Public Safety Health Systems, Inc., is an indirect employer of Plaintiff Demetrius Latham because Public Safety Health Systems, Inc., controlled access to employment at the Town of Clarksville Police Department.

## FACTS

8. On October 19, 2015, Latham was hired as a full-time police officer for the police department of the Town of Clarksville.

9. Pursuant to Indiana Code 36-8-8-7(a), full-time police officers for the police department of the Town of Clarksville, Indiana, are required to be members of the Indiana 1977 Police Officers' and Firefighters' Pension and Disability Fund ("1977 Fund").

10. Pursuant to Indiana Code 36-8-8-7(a), to become a member of the 1977 Fund, a police officer must pass the baseline statewide physical and mental examination required by statute.

11. Pursuant to Indiana Code 36-8-8-19(a) and (b), the baseline examination is required to be administered by a licensed physician in conformance with standards adopted by the Board of the Indiana Public Retirement System.

12. According to Indiana Code 36-8-8-19(e), the Town of Clarksville is required to name a physician to conduct the baseline medical examination.

13. The Town of Clarksville selected Public Safety Medical which is the business name of Public Safety Health Systems, Inc., to conduct the baseline medical examination for Demetrius Latham.

14. On October 26, 2015, Latham took the baseline physical examination at the offices of Public Safety Medical.

15. On November 13, 2015, Public Safety Health Systems, Inc., informed the town of Clarksville that due to Latham's HIV diagnosis, he did not pass baseline state medical standards.

16. Public Safety Health Systems, Inc.'s decision that Latham did not pass baseline state medical standards was discriminatory because it was made without reference to any individualized assessment of Latham's condition.

17. On November 13, 2015, Latham was discharged from the Town of Clarksville Police Department because he did not pass the examination administered by Public Safety Health Systems, Inc.

## ADMINISTRATIVE PROCEDURES

18. Latham timely initiated a complaint of discrimination on the basis of disability against Public Safety Health Systems, Inc., with the Equal Employment Opportunity Commission ("EEOC") under charge number 470-2016-01899.

19. On December 4, 2019, the EEOC issued Latham a Notice of Right to Sue.

20. Latham has ninety (90) days from his receipt of the Notice of Right to Sue to file his Complaint, which time has not passed.

## COUNT I - DISCRIMINATION ON THE BASIS OF DISABILITY

21. All previous paragraphs are hereby incorporated by reference.

22. Latham is a qualified individual with a disability under the ADA as amended by the ADAAA, 42 U.S.C. § 12102(1).

23. Latham has a record of disability and was regarded as having a disability by Defendant within the meaning of the ADA as amended by the ADAAA, 42 U.S.C. § 12102(3).

24. Public Safety Health Systems, Inc., engaged in unlawful discrimination on the basis of disability when it claimed Latham did not pass baseline medical standards because of his disability, record of disability, and/or perceived disability.

25. Public Safety Health Systems, Inc., engaged in discriminatory treatment of Latham on the basis of disability and has acted with malice or reckless disregard of Latham's rights as a disabled employee in violation of the Americans with Disabilities Act, as amended.

**WHEREFORE**, Plaintiff Demetrius Latham prays for the judgment of this Court against Defendant Public Safety Health Systems, Inc., as follows:

A. An award of back pay with prejudgment interest for the salary and other employment benefits and opportunities that the Plaintiff has lost as a result of the Plaintiff's termination from employment with the Town of Clarksville Police Department.

B. Compensatory damages in an amount to be determined by a jury to compensate Plaintiff for the emotional distress, mental anguish, and non-pecuniary losses that he has suffered because of Defendant's discriminatory conduct.

C.  An award of front pay and damages to compensate the Plaintiff for the losses that he reasonably will sustain as the result of being denied continued employment with the Town of Clarksville Police Department.

D.  Punitive damages in an amount to be determined by a jury.

E.  An award of reasonable attorneys' fees and costs.

F.  Such other relief as may be just and proper.

Respectfully submitted,

**MACEY SWANSON LLP**

/s/Jeffrey A. Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiff Demetrius Latham

**MACEY SWANSON LLP**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com

## **JURY DEMAND**

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

**MACEY SWANSON LLP**

/s/Jeffrey A. Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiff Demetrius Latham

**MACEY SWANSON LLP**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com